**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ARTHUR GREBENUK, as next
friend of ANNA MAKSIMENKO,

        Petitioner,

v.                                            Case No. 3:25-cv-430-WWB-LLL

SHERIFF OF BAKER COUNTY
SHERIFF'S OFFICE, et al.,

        Respondents.
_____

## **ORDER**

      THIS CAUSE comes before the Court on an Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Arthur Grebenuk as "next friend" of his wife, Anna Maksimenko, who is being detained at the Baker County Detention Center on an immigration charge (Doc. 1). Grebenuk asserts Maksimenko was detained by Immigration and Customs Enforcement on April 18, 2025, and her detention "exceeds statutory authority" because Maksimenko entered the United States legally under a student visa, she has no criminal convictions, and the charges recently pending against her were dropped. (*See* Doc. 1 at 2, 5). He claims detention is harmful to his wife because she has "documented psychiatric vulnerabilities . . . and detention is causing panic attacks, insomnia, and worsening depression." (*Id.* at 5). Grebenuk explains he is acting on his wife's behalf as her "next friend" because the Detention Center is "approximately 5 hours from [their] home, making it extremely difficult for her to prepare and file [the] petition herself." (*Id.* at 7). Grebenuk has also filed a memorandum of law

and exhibits (Doc. Nos. 1-1, 1-2) in support of the Petition, a motion for expedited consideration of the Petition (Doc. 2), a motion for permission to receive electronic communications (Doc. 3), a supplemental declaration (Doc. 4), and a supplemental motion (Doc. 5), which includes "new and material facts" since the filing of the Petition.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action herself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. *Id.*

Grebenuk does not demonstrate that "next friend" status is appropriate. There is no indication Maksimenko is mentally incompetent or has been denied access to the courts. Rather, it appears Grebenuk seeks the status solely for convenience, given the distance between his home and the Detention Center. Because Grebenuk does not demonstrate the propriety of "next friend" status, he lacks standing to initiate this action on Maksimenko's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider

the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

3. If Grebenuk appeals this Order, the Court denies a certificate of appealability.[2] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on April 25, 2025.

---

[1] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[2] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, this Court denies a certificate of appealability.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:
Arthur Grebenuk